Judge Underwood
delivered the opinion of the Court.
Saltenstall, in 1325, executed his note to John Clark, for §720. In 1826, Patton and Sharp filed their bill against Clark and Saltenstall, to subject the debt to the payment of a demand, which they had against Clark. In 1826, Saltenstall answered the bill of Patton and Sharp. In 1827, Clark assigned the note to Bryan, who instituted suit thereon.
Saltenstall, plead as matter in bar of the action *that before the assignment of the note to the plain *673 tiff, and before the commencement of this suit, this defendant was impleaded by a suit in chancery, by J. !D. Patton and F. C. Sharp, to stay in his hands amount due by said note, for a debt due to them, by John Clark, who was, and still is, a non-resident of the state of Kentucky; and he avers that legal process was duly served upon him, before the assignment of said note, whereby, he was restrained and prevented; and he avers that he was at' the commencement of this suit, and still is restrained by said suit in chancery, from paying said note, or any part thereof, until the matters set forth in said bill, can be heard in equity, all of which, will appear by the proceedings in said suit, which are here now to the court shewn, and this, the defendant is ready to verify, &c. wherefore, &c.” *
Plea of bill in chancery, pr 1*01 "t-si^nment/to subject debt fendang to creditor ^ bT/to* tionby as-signee, vs. !igor illnote'
Notice of eilujtalde er than iegai ownerofnote, j^ionnter piea,w.
The plaintiff craved oyer of the record referred to in the plea, and demurred. The court overruled the demurrer, and gave judgment upon the matter of the plea in favor of the defendant baring the plaintiff’s action, and he has appealed to this court.
There is no ground upon which the plea can be supported as a good bar to the action, or to the recovery of any part of the debt sued for. Bryan was not a party to the suit in chancery, and no order or decree in that suit could affect him.
The chancery suit was still pending. No decree had been rendered against Saltenstall-; none, possibly be rendered. The court has given judgment in favor of Saltenstall, in bar of Bryans right of action. If the complainants in chancery should be defeated, what will be the consequence? Shall Saltenstall neither pay Bryan or the complainants.? The plea is so obviously defective, that comment is unnecessary.
The record referred to, shews that half the'amount ofSaltenstali’s note would have paid (he complainants their demand, and yet the whole action is barred by the judgment of the court. Bryan is the legal owner, or assignee cf the note. The plea at most, shews that Patton and Sharp had an equity, which attached to it, because of (he institution of their suit before the assignment, and Saltenstall is permitted to defend himself at law. bv usins their enoitv. which *674 restrains him from making payment, as he avers, although no mj unction has been granted. Notice of their equity might, and ought to induce Sallenstall to the parties to interplead and settle their rights to the money before he paid it. and he might, if he was in danger, shield himself by injunction, by appealing to the chancellor; but 1he matter of his plea can constitute no defence in an action at law.
if party, act-faíü)11be><-o petted fo°pay money byte-gal process, fail tefiubjeot the debito chancery de-be°protected ’
Crittenden, for plaintiff.
If, by the suit at law, be is compelled to pay the money, pending (he suit in chancery against him, EU<,'k payment, might be relied on in an amendment Ms answer in the chancery suit, to exonerate him from liability; provided, ho acts in good faith, in making the payment; for it is the duty of Patton and Sharp to restrain Bryan, and if they lie by and suf-ferhim to coiled the money by legal process, having knowledge of his proceedings, they should not be permitted thereafter to look to Sallenstall; he acting in good faith.
The judgment is set aside, and the cause remanded, with directions to render judgment in the demurrer to the plea, in favor of the plaintiff at law.
The appellant must recover his costs.